**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Eric Antonio DIAZ, Defendant—
Appellant.**

No. 04–10592.

D.C. No. CR–00–01712–I–RCC.

United States Court of Appeals,
Ninth Circuit.

Submitted May 9, 2005.*

Decided May 13, 2005.

Mary Sue Feldmeier, USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Tracy Friddle, FPDAZ–Federal Public Defender's Office Tucson, AZ, for Defendant–Appellant.

Before PREGERSON, CANBY, and THOMAS, Circuit Judges.

MEMORANDUM**

Eric Antonio Diaz appeals the district court's imposition of a curfew as a condition of supervised release, following his violation of conditions of probation. Diaz was originally sentenced to a five-year term of probation upon his guilty-plea conviction for conspiracy to possess with intent to distribute marijuana in violation of 21 U.S.C. §§ 841 and 846. We have juris-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

diction pursuant to 28 U.S.C. § 1291. Because Diaz failed to object below, we review for plain error, *see United States v. Ortiz,* 362 F.3d 1274, 1278 (9th Cir.2004), and we affirm.

Diaz contends that the curfew condition imposed by the district court is not necessary to protect the public or assist in rehabilitation. We disagree. The extensive history and nature of Diaz's repeated violations support the district court's determination that the condition was reasonably related to rehabilitation. *See United States v. T.M.,* 330 F.3d 1235, 1239–40 (9th Cir.2003) (citing 18 U.S.C. §§ 3553(a), 3583(d)(1)).

**AFFIRMED.**